FILED '09 APR 24 14:53 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN EUGENE WELLS,

          Plaintiff,                       Civil No. 09-189-HU

   v.                                ORDER

STATE OF OREGON, et al.,

          Defendants.

HAGGERTY, District Judge:

      Steven Eugene Wells (plaintiff) has filed an Ex Parte Motion for Temporary Injunction [22] that renews his prior request for a temporary injunction against the enforcement of the Board of Parole's July 26, 2007, and also seeks to preclude the enforcement of new sanctions leveled against him, including six weekends of incarceration. As Judge Mosman construed plaintiff's prior motion, this motion is also interpreted by the court as a request for an emergency temporary restraining order.

      Plaintiff fails to establish that he is entitled to the extraordinary relief he seeks. An applicant for a temporary restraining order is required to demonstrate "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b); *see also Caribbean Marine Serv. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

1 -- ORDER

The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Alternatively, a party seeking injunctive relief must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 ( quoting *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a temporary restraining order. *See Caribbean Marine*, 844 F.2d at 674.

"Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.*

Plaintiff makes an insufficient showing for injunctive relief under either test. He cannot make a strong showing of a likelihood to prevail on the merits of his claims because he has not pursued and completed the administrative review process that would lead to judicial review. A parolee may challenge a sanction for violation of a parole condition by seeking administrative review from the Board. Or. Admin. R. 255-080:0005. After the Board conducts an administrative review and denies relief, the parolee then may seek judicial review. O.R.S. 144.335(1). A parolee's right to judicial review precludes the request for injunctive relief. *See* O.R.S. 144.335 (the proper challenge to a condition of supervision is under this statute providing for administrative and judicial review).

Moreover, plaintiff's claims of constitutional violations are unpersuasive. The authority plaintiff relies upon in his briefing underscores the scope of immunity that applies to counselor-parolee communications. *See United States v. Antelope*, 395 F.3d 1128, 1141 n. 5 (9th Cir. 2005) (plaintiff may invoke his privilege against self-incrimination and enjoy use and derivative use immunity that prevents the government from using compelled admissions against him in a criminal prosecution). Plaintiff's steadfast insistence regarding his innocence provides no grounds for refusing to obey legitimate supervision conditions.

Finally, this court notes that plaintiff's arguments for injunctive relief, if accepted, would likely undermine the validity of his criminal conviction. Civil actions such as plaintiff's "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 US 477, 486 (1994); *see also Wilkinson v. Dotson*, 544 US 74, 82-81 (2005)

(federal civil actions that cast doubt on the validity of an outstanding criminal judgment

disfavored).

For the foregoing reasons, this court concludes that plaintiff's Motion for Temporary

Injunction [22] must be denied.

IT IS SO ORDERED.

Dated this 24 day of April, 2009.

Ancer L. Haggerty
United States District Judge