```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


STEVEN EUGENE WELLS,              )
                                  )   No.  CV 09-189-HU
          Plaintiff,              )
                                  )
     v.                           )
                                  )       FINDINGS AND
STATE OF OREGON, STATE OF         )
OREGON BOARD OF PAROLE AND        )       RECOMMENDATION
POST PRISON SUPERVISION,          )
STEVEN POWERS, DARCY BAKER,       )
CANDACE WHEELER, WASHINGTON       )
COUNTY, WASHINGTON COUNTY         )
CORRECTIONS, CENTER FOR           )
BEHAVIORAL INTERVENTION,          )
STEVE JENSEN, AND DOES 1-100,     )
INCLUSIVE,                        )
                                  )
          Defendants.             )
_____)
```

Steven Eugene Wells
11655 S.W. Allen Blvd. # 17
Beaverton, Oregon 97005
    Pro se

John Kroger
Attorney General
Elizabeth Brodeen
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
    Attorneys for defendants State of Oregon, Oregon Board of
    Parole and Post Prison Supervision, Steven Powers, Darcy

FINDINGS AND RECOMMENDATION Page 1

Baker, and Candace Wheeler

Christopher Gilmore
Senior Assistant County Counsel
155 N. First Ave, Suite 340-MS 24
Hillsboro, Oregon 97124
    Attorney for defendants Washington County and Washington
    County Corrections

Montgomery W. Cobb
Cobb & Bosse´
1308 E. First Street
PO Box 1210
Newberg, Oregon 97132
    Attorney for defendants Jensen and Center for Behavioral
    Intervention

HUBEL, Magistrate Judge:

Plaintiff Steven Wells brings this action against the State of Oregon, the Oregon Board of Parole and Post Prison Supervision (the Board), and Board members Steven Powers, Darcy Baker, and Candace Wheeler (collectively, the state defendants), Washington County and Washington County Corrections (collectively, the county defendants) and the Center for Behavioral Intervention, Steve Jensen, and John Does 1-100 (collectively, the private defendants). He seeks injunctive and monetary relief. Wells filed an ex parte motion for a temporary restraining order, which was denied by Judge Mosman of this court on February 20, 2009 (doc. # 5).

Wells was convicted on May 24, 2001, of two counts of sexual abuse of a minor. On July 27, 2007, Wells filed a petition for writ of habeas corpus in this court, <u>Wells v. Howton</u>, 07-1117-TC.

Wells served 75 months in prison, and was released on August 2, 2007. Affidavit of Steven Wells ¶¶ 4, 9; Complaint, Exhibit 1. Upon his release from prison, Mr. Wells was required by the Oregon Board of Parole and Post Prison Supervision (Board) to enroll in

FINDINGS AND RECOMMENDATION Page 2

and complete a Sex Offender Treatment Program (Program). Wells Affidavit ¶ 10.

Wells brought this action on February 17, 2009, asserting three claims under 42 U.S.C. § 1983. The first is for violation of the Takings and Due Process Clauses of the Fifth and Fourteenth Amendments, based on Wells's being required to attend and pay fees associated with the Program, despite Wells's insistence that he is innocent of the conviction. Complaint ¶¶ 14, 16, 17. The second is for violation of the Fifth and Fourteenth Amendments, based on the assertion that Wells's rights against self-incrimination have been violated because the Program requires him to admit committing the crimes as a condition of successful completion. Id. at ¶¶ 20, 21, 23, 24, 25, 26. The third is that the Oregon statute governing conditions of post prison supervision relating to sex offender treatment programs, Or. Rev. Stat. § 144.102(3)(f), is overbroad and violates the United States Constitution. Id. at ¶¶ 29, 30. The gravamen of this case is Wells's challenge to the defendants' requiring him participate in the Program, including admitting the crimes, undergoing treatment, and paying associated fees. Wells seeks an injunction prohibiting the Board from ordering him to participate in and complete the Program, and reimbursement for $2,980 in fees.

In March 2009, the three groups of defendants filed motions to dismiss. On April 24, 2009, Wells filed a motion for leave to amend the complaint to allege that on March 3, 2009, he was terminated from treatment in the Program for noncompliance, and as a result,

FINDINGS AND RECOMMENDATION Page 3

the Board imposed a sanction of six weekends in jail, between April 24, 2009 and May 31, 2009. Plaintiff's Motion to Amend, Exhibits 1, 2. Wells seeks to allege these additional facts, although it appears that the sanction of six weekends in jail was not carried out. On April 29, 2009, a Board hearings officer determined that Wells did not willfully violate his post prison supervision conditions and recommended that Wells enroll in a sex offender treatment program that did not require admission of the original defense. Brodeen Declaration Exhibit 2. On May 22, 2009, the Board agreed that Wells had not violated his post prison supervision conditions. Id.

In any event, the state defendants do not oppose the motion to amend. The county defendants have filed no response to the motion. The private defendants acknowledge that the proposed amendments do not implicate them, but oppose the motion solely on the ground that the "filing of another complaint containing the same frivolous allegations against these Defendants will unnecessarily add to the cost of defense." The motion to amend is granted.

Wells renewed his ex parte motion for a temporary injunction against enforcement of the Board's conduct and sought to preclude the enforcement of the sanction of six weekends in jail. The motion was denied by Judge Haggerty of this court on April 24, 2009. (Doc. # 32). However, as noted above, the Board ultimately concluded that Wells had not violated his post prison supervision conditions.

On May 9, 2009, Magistrate Judge Coffin entered Findings and a Recommendation that Wells's habeas petition be dismissed. (Doc.

FINDINGS AND RECOMMENDATION Page 4

# 32). Wells filed objections to the Findings and Recommendation on May 20, 2009 (Doc. # 33).

**Standard**

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). Factual allegations must be sufficient to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

**Discussion**

1. State defendants' motion

The state defendants assert that Wells cannot maintain a claim under 42 U.S.C. § 1983 because neither the state, nor its agencies, nor the individual officials named as defendants, are amenable to suit under § 1983. Section 1983 applies to "persons," and the Supreme Court has held that a state is not a "person" for purposes of a civil rights action under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Lapides v. Board of Regents, 535 U.S. 613 (2002); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

If a state agency is an "arm of the state," it is not considered a person under § 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990)("the State and arms of the State ... are not subject to suit under § 1983..."). In determining whether an entity is an arm of the state, the court inquires whether "the state is the real,

FINDINGS AND RECOMMENDATION Page 5

substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants." Streit v. County of Los Angeles, 236 F.3d 552, 566 (9th Cir. 2001 quoting Durning v. Citibank, 950 F.2d 1419, 1423 (9th Cir. 1991) and Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945).

An action for money damages or retrospective relief brought against a state official in his or her official capacity is not a suit against the official, but against the office, and therefore is not different from a suit against the state itself. Will, 491 U.S. at 71. However, claims for prospective injunctive relief against state officials in their official capacity are not barred. Id. at n. 10. Wells has requested an injunction "prohibiting the Board from ordering him to enter and complete a Sexual Offender Treatment program..." Complaint ¶ 18.[1]

The state defendants also assert that this action is barred by sovereign immunity, since the Eleventh Amendment bars citizens from bringing actions against a state, state officials, or a state agency acting as an arm of the state unless immunity is expressly waived by the state or abrogated by Congress. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

The court finds it unnecessary to reach the questions of whether the Board is an arm of the state for purposes of this

---

[1] Such relief may be moot in any case, in view of the affidavit from Wells indicating that he has been terminated from the Program. He has been ordered into another program, albeit one that does not require admission of the crime for which he has been convicted.

FINDINGS AND RECOMMENDATION Page 6

action, or whether the action against the individual defendants for injunctive relief will lie, because Wells's § 1983 action is in any case barred by the "favorable termination" rule articulated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the Court held that a § 1983 action whose successful prosecution would negate an element of the offense of which the plaintiff has been convicted cannot lie.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87. See also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Thus, if a criminal conviction arising out of the same facts still stands and is fundamentally inconsistent with the conduct complained of under § 1983, the action must be dismissed. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

Defendants argue that because Wells was convicted of sex abuse, his § 1983 claims, all of which are based on his right to assert his innocence of the charges, would necessarily imply the invalidity of his conviction. I agree. I recommend that the state defendants' motion to dismiss be granted.

2. County defendants

The county defendants challenge Wells's claims on several grounds, including 1) that requiring fees for sex offender treatment as a condition to parole is not a property interest protected under the Takings Clause; 2) Wells has failed to allege

FINDINGS AND RECOMMENDATION Page 7

facts sufficient to support a claim for violation of his right against self-incrimination because there is no threat of future criminal prosecution as a result of admitting guilt; and 3) conditions of parole and sanctions for non-compliance rest exclusively with the Board under Or. Rev. Stat. § 144.101. It is unnecessary to reach these arguments because all of Wells's claims are barred under Heck. The claims against the county defendants should be dismissed.

   3.   Private defendants

The private defendants contend that the claims against them should be dismissed because Wells has not alleged any facts showing that they were persons acting under color of state law. Individuals and private entities are not normally liable for violations of constitutional rights. Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997). To maintain a cause of action based on an allegation of constitutional violations, the plaintiff must show that the actions complained of are "fairly attributable" to the government. Id. Wells has not alleged such facts against the private defendants. The allegations of the complaint are that the Board required him to enter and complete the Program and that the Program requires him to admit guilt on the underlying offense "in order to obtain extended liberties and complete the program." Complaint ¶ 23. Wells states that he was ordered to enter and complete the Program by his Parole Officer and by the Board.

   The only allegations in the complaint directly against defendants CBI and Jensen, and unnamed defendant Jaime Chavez,

FINDINGS AND RECOMMENDATION Page 8

appear in paragraph 14. There, Wells alleges:

> Plaintiff has been told by his Parole Officer, as well as both Steve Jensen and Jaime Chavez of CBI, that he will not successfully complete any Sexual Offender Treatment program as he continues to maintain his actual innocence.

These allegations do not support any constitutional claim that could subject the private defendants to joint liability with the state and county defendants.

## Conclusion

I recommend that plaintiff's motion to amend the complaint (doc. # 31) be GRANTED. I recommend that the state defendants' motion to dismiss (doc. # 16) be GRANTED. I recommend that the county defendants' motion to dismiss (doc. # 24) be GRANTED. I recommend that the private defendants' motion to dismiss (doc. # 22) be GRANTED.

## Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 11, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due August 25, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 27th day of July, 2009.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 9